```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW HAMPSHIRE
```

George Washington

    v.                                    Civil No. 15-cv-445-LM

Warden, Federal Correctional Institution,
Berlin, New Hampshire


**REPORT AND RECOMMENDATION**

    This Report and Recommendation ("R&R") replaces the May 5, 2016 R&R (Doc. No. 7) ("May 5 R&R").  The court has withdrawn the May 5 R&R by separate Order issued on this date.

    Petitioner George Washington, while incarcerated at the Federal Correctional Institution in Berlin, New Hampshire, filed a petition for a writ of habeas corpus (Doc. No. 1), challenging the validity of his sentence imposed pursuant to a criminal conviction in the District of Maine.  See United States v. Washington, No. 2:03-cr-00041-DBH-4 (D. Me.) ("Criminal Case").  The petition is before this court for preliminary review to determine whether Washington's claims are facially valid and may proceed.  See Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to § 2241 petitions); LR 4.3(d)(4)(A).

## Standard

In undertaking § 2254 Rule 4 preliminary review, this court decides whether the petition contains sufficient factual allegations, accepted as true, to state a claim to relief that appears legally sufficient.  See McFarland v. Scott, 512 U.S. 849, 856 (1994).  When a habeas petitioner proceeds pro se, the assertions contained in the petition are construed liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## Background

On May 31, 2006, following a remand for resentencing in a drug conviction case in light of United States v. Booker, 543 U.S. 220 (2005), a federal judge in the District of Maine sentenced Washington to a prison term of 360 months, the bottom of the sentencing range for a career offender, under section 4B1.1 of the United States Sentencing Guidelines ("Guidelines").  See Am. J., Criminal Case (D. Me. May 31, 2006) (ECF No. 229); see also Criminal Case, 2011 U.S. Dist. LEXIS 138463, *1-*2, 2011 WL 6032931, at *1 (D. Me. Dec. 1, 2011) (ECF No. 347) (discussing procedural history).  A criminal defendant may be treated as a career offender under the Guidelines, if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G. § 4B1.1.

Washington had been sentenced as a career offender in 2004 because he had one prior controlled substance conviction, which he does not dispute, and two prior Massachusetts convictions that the sentencing court determined met the Guidelines definition of "crime of violence": assault and battery ("A&B") and "assault and battery with a dangerous weapon" ("ABDW"), United States v. Washington, 324 F. Supp. 2d 48, 49 (D. Me. 2004) ("ABDW Decision"); see also Criminal Case, Tr. of Sent'g Hr'g, May 26, 2004, at 19 (ECF No. 183).  In the 2006 resentencing proceeding, the court did not revisit the career offender determinations.  See Criminal Case, Tr. of Resent'g Hr'g, May 31, 2006, at 34 (ECF No. 233).  The First Circuit affirmed the amended sentence.  See United States v. Washington, 220 F. App'x 1 (1st Cir. 2007).

On September 8, 2008, Washington filed a motion in the District of Maine challenging his 2006 sentence under 28 U.S.C. § 2255.  That court denied the motion.  See Washington v. United States, No. 2:08-cv-00293-DBH, 2009 U.S. Dist. LEXIS 92362, 2009 WL 3152883 (D. Me. Sept. 28, 2009) (ECF No. 23), R&R approved, No. 2:08-cv-00293-DBH (D. Me. Jan. 6, 2010) (ECF No. 31).  Washington then filed separate applications in 2014 and 2015, seeking the First Circuit's permission under 28 U.S.C. § 2255(h) to file successive § 2255 motions in his criminal case, raising

3

the claims he has raised here.  The First Circuit denied those applications.  See Washington v. United States, No. 14-1461 (1st Cir. June 4, 2014); Washington v. United States, No. 15-2316 (1st Cir. July 24, 2017) ("Second 2255(h) Application").

Washington contends here, as he did in the First Circuit, that in light of United States v. Johnson, 135 S. Ct. 2551 (2015), and Descamps v. United States, 133 S. Ct. 2276 (2013), Washington must be resentenced.  Washington argues that the sentencing court erred when it determined that his prior A&B and ABDW convictions qualified as crimes of violence under the Guidelines.  Washington further contends that his § 2241 petition fits within the scope of this court's savings clause jurisdiction, pursuant to 28 U.S.C. § 2255(e).

## Discussion

### I.   Savings Clause

In general, the court in which a federal defendant was convicted and sentenced has exclusive jurisdiction over motions challenging the validity of the conviction or sentence, pursuant to 28 U.S.C. § 2255.  Section 2255(e)'s "savings clause" preserves only a limited role for this court to consider claims filed by a federal prisoner who was incarcerated within this district at the time he filed the § 2241 petition:

4

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained . . . unless it . . . appears that the remedy by motion [under § 2255] <u>is inadequate or ineffective to test the legality of his detention</u>.

28 U.S.C. § 2255(e) (emphasis added). "[P]ost-conviction relief can be termed 'inadequate' or 'ineffective' only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant any opportunity for judicial rectification.'" <u>Trenkler v. United States</u>, 536 F.3d 85, 99 (1st Cir. 2008) (citation omitted).

## II.  *Johnson* Claim

Washington's <u>Johnson</u> claim is based on an argument that his underlying state offenses cannot qualify as crimes of violence under U.S.S.G. § 4B1.2(a) because the "residual clause" of that provision is unconstitutionally vague, and because, in his view, the offenses cannot satisfy the § 4B1.2(a)(1) "force clause." In <u>Johnson</u>, 135 S. Ct. at 2563, the Court held that the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), was void for vagueness and could not be used to increase the length of a federal sentence. After Washington filed this petition, the Supreme Court held in <u>Beckles v. United States</u>, 137 S. Ct. 886, 895 (2017), that "the advisory Sentencing Guidelines are not subject to a vagueness

5

challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness."

The sentence at issue was imposed under the advisory Guidelines. Johnson does not apply. See Second 2255(h) Application, slip op. at 1 (Washington's Johnson claim is foreclosed by Beckles). The district judge should dismiss Washington's claim for relief under § 2241 on that basis.

### III. *Descamps* Claim

Washington also seeks to invoke this court's savings clause jurisdiction by asserting a Descamps claim. In Descamps, the Supreme Court held that, in determining if a prior conviction qualifies as a "violent felony" for an ACCA sentence enhancement, the trial court may only compare the statutory elements of the underlying offense with the ACCA's definition of a "violent felony," and may not consider the subset of those elements that actually gave rise to the conviction, unless the prior conviction took place under a "divisible" statute, one that sets out the elements of the offense in the alternative. See Descamps, 133 S. Ct. at 2281-82, 2293. The Court had previously held that, if the conviction arises under a divisible statute, the sentencing court may consult a limited set of documents from the prior conviction (known as Shepard documents) to determine which of the alternative statutory elements formed

6

the basis of the prior conviction, before comparing that crime of conviction with the violent felony definition.  See Descamps, 133 S. Ct. at 2281, 1285; see also Shepard v. United States, 544 U.S. 13, 20, 26 (2005).

Washington's A&B and ABDW convictions were for violations of divisible statutes.  See United States v. Tavares, 843 F.3d 1, 18 (1st Cir. 2016) (ABDW is divisible); Loman v. United States, No. 09-CR-30012-MAP, 2017 U.S. Dist. LEXIS 117853, at *3, 2017 WL 3203695, at *1 (D. Mass. July 27, 2017) (A&B is divisible).  As to the ABDW conviction, the sentencing court found that the elements of that crime categorically qualified as a crime of violence.  See ABDW Decision, 324 F. Supp. 2d at 49. That conclusion is consistent with First Circuit precedent.  See United States v. Glover, 558 F.3d 71, 79-80 (1st Cir. 2009) (ABDW is a crime of violence under residual clause of § 4B1.2(a)); accord United States v. Wurie, No. 15-1395, 2017 U.S. App. LEXIS 14576, at *13-*14, 2017 WL 3392673, at *2 (1st Cir. Aug. 8, 2017).  As to the 1996 A&B conviction, the sentencing court in 2004 determined that Washington was the defendant in that 1996 prosecution, and that Washington had conceded, in writing, in 2004, that the materials offered by the government in the federal prosecution established that the A&B conviction qualified as a crime of violence.  See Criminal Case,

7

Tr. Sent'g Hr'g, May 26, 2004, at 19 (ECF No. 183); see also Def.'s Resp. Mot. Determin. in Advance Sent'g as to Whether Certain Convictions Are Career Offender Predicates, at 5, Criminal Case (filed Apr. 7, 2004) (ECF No. 146).  Under such circumstances, Washington cannot assert a viable Descamps claim.

IV. **Actual Innocence**

Recourse to the savings clause may be had where to do otherwise would result in a "'complete miscarriage of justice,'" such as cases involving a "credible allegation of actual innocence."  Trenkler, 536 F.3d at 99 (citation omitted). Without claiming or offering evidence to show that he is factually innocent of the pertinent A&B, ABDW, and controlled substance offenses that were counted in assessing Washington's career offender status, Washington maintains that he is nevertheless innocent of being a career offender, based on what he considers to be the persuasive force of his Johnson and Descamps claims.  Those claims lack merit.  Washington has not demonstrated that a miscarriage of justice has resulted in his case.  Accordingly, the § 2241 petition should be dismissed.

## Conclusion

For the reasons stated herein, the district judge should dismiss the claims in Washington's § 2241 petition and enter

8

judgment for respondent.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

                                              _____
                                              Andrea K. Johnstone
                                              United States Magistrate Judge

August 17, 2017

cc:   George Washington, pro se
      Seth R. Aframe, Esq.